Filed 1/15/26  P. v. McFalls CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C102983 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-01453) |
| v. | |
| DONALD L. MCFALLS III, | |
| Defendant and Appellant. | |

Defendant Donald L. McFalls III pleaded no contest to felony reckless evasion of a peace officer in a motor vehicle and misdemeanor driving with a prohibited blood alcohol concentration.  The trial court granted probation for a period of three years.  More than two years later, McFalls violated his probation, and the court imposed a felony sentence of 16 months in state prison.  On appeal, McFalls contends that the court lacked authority to impose a felony sentence because his violation of probation occurred after the first two years of the probationary term.  The People concede the error.  We agree with the parties and will reverse the judgment and remand for resentencing.

1

BACKGROUND

In July 2022, McFalls was charged with felony recklessly evading an officer in a motor vehicle (Veh. Code, § 2800.2; count 1), misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a); count 2), and misdemeanor driving with a prohibited blood alcohol concentration (Veh. Code, § 23152, subd. (b); count 3). He pleaded no contest to recklessly evading an officer and driving with a prohibited blood alcohol concentration in exchange for a grant of felony probation, with a stipulation that he serve 180 days in county jail. On September 19, 2022, the trial court declined the Probation Department's recommendation of a 180-day custodial sentence, suspended imposition of the sentence, and granted probation for a period of three years.

In December 2024, the Probation Department petitioned the trial court to revoke probation based on McFalls's conviction of two offenses in Sacramento County on October 15, 2024. McFalls admitted the violations, and the court revoked probation. The court later denied reinstatement of probation and sentenced McFalls to 16 months in state prison on the reckless evasion conviction.

McFalls timely appealed; he did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)[1]

DISCUSSION

McFalls argues, and the People concede, that his 16-month prison sentence is unauthorized because he violated probation more than two years after his probationary term began. We agree.

"Assembly Bill 1950 amended Penal Code sections 1203a and 1203.1 to restrict the length of most probation terms. (Stats. 2020, ch. 328, §§ 1, 2.) Effective January 1, 2021, misdemeanor probation terms are generally limited to one year (§ 1203a,

---

[1] Undesignated statutory references are to the Penal Code.

2

subd. (a)), and felony probation terms are generally limited to two years (§ 1203.1, subd. (a)).  Exempt from these limits are offenses that 'include[] specific probation lengths within [their] provisions.'  (§§ 1203a, subd. (b), 1203.1, subd. (m)(1).)" (*People v. Saxton* (2021) 68 Cal.App.5th 428, 431 (*Saxton*).)

McFall's felony conviction for reckless evasion was subject to the two-year probation term limit because it has no specific probation length within its provisions. (*Saxton*, *supra*, 68 Cal.App.5th at p. 432.)  His misdemeanor conviction for violating Vehicle Code section 23152 was exempt from the limit because Vehicle Code section 23600, subdivision (b)(1) specifically provides that probationary terms imposed for a violation of Vehicle Code section 23152 shall be three to five years.  (Veh. Code, § 23600, subd. (b)(1); see also *Saxton*, at p. 432.)  "[A] defendant who is convicted of both a misdemeanor exempt from Assembly Bill 1950's probation term limits and a nonexempt felony can be ordered to serve a term of formal probation equal to the length of time specified by the exempt misdemeanor.  But consistent with Assembly Bill 1950's purpose, a probation violation can carry felony punishment consequences only during the first two years of the probationary term.  Any violation that occurs after that two-year period can have only misdemeanor punishment consequences."  (*Saxton*, at p. 431.)

Here, McFalls was sentenced to probation on September 19, 2022 and admitted that he violated his probation on October 15, 2024.  Because this violation occurred more than two years after McFalls was sentenced to probation, the trial court had authority only to impose misdemeanor punishment; it was not authorized to impose a felony sentence for that violation.  (*Saxton*, *supra*, 68 Cal.App.5th at p. 431.)  We therefore vacate the sentence and remand for resentencing.[2]

---

[2] Although this issue was not raised below, we can address it on appeal because the sentence is unauthorized.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

3

## DISPOSITION

The judgment is reversed.  The sentence is vacated, and the matter is remanded for resentencing consistent with this opinion.

_____/s/_____

FEINBERG, J.

We concur:

_____/s/_____

EARL, P. J.

_____/s/_____

HULL, J.